## Suttles *et al. vs.* Smith, administrator.

1. The decision complained of should be plainly specified, as well as the error alleged therein, and he who alleges error must show error. Particularly is this true in cases of exceptions to a master's or auditor's report, as it, after allowance by the court, is *prima facie* the truth, and becomes conclusive if not excepted to, or if exceptions be taken and disallowed, and is always sustained where exceptions are questions of fact and there is no evidence to support them.

(*a.*) It is not satisfactorily shown to this court that the court below erred in ruling on the exceptions to the auditor's report.

2. Exceptions to a master's or auditor's report are not pleadings in such sense as to give a right of amendment by adding new exceptions, after certain exceptions have been filed and disallowed, and the time allowed for excepting has elapsed, and the case has proceeded to trial. The right to except to the report arises under a special rule, by which the court may allow time for excepting. Where the time for filing exceptions is limited by the order, exceptions cannot afterwards be made, except by leave of the court

and upon good cause shown, and then it is in the discretion of the judge to allow or disallow them.

December 15, 1885.

Practice in Supreme Court.   Master in Chancery.   Auditors.   Practice in Superior Court.   Amendment.   Pleadings.   Before Judge SIMMONS.   Campbell Superior Court. August Term, 1885.

Reported in the decision.

JOHN S. BIGBY; L. S. ROAN; H. M. REID; P. H. BREWSTER, for plaintiffs in error.

T. W. LATHAM; HUGH BUCHANAN, for defendant.

HALL, Justice.

This case was tried upon exceptions to an auditor's report.   Such of them as were heard and passed upon by the judge were disallowed.   The auditor accompanied his report with the evidence taken before him, and this was also before the judge, who heard the exceptions; it was not, however, sent up in the record to this court, and for this reason, we find ourselves unable to determine whether the conclusions reached by the auditor were correct, and whether the alleged errors in the rulings of the court in fact exist.

1. The statute requires that the decision complained of shall be plainly specified, as well as the alleged error therein; particularly is this so in case of exceptions to a master's or auditor's report, as that, after allowance by the court, is *prima facie* the truth (Code, §3097), and according to the cases cited under this section, it becomes conclusive, unless excepted to for some good and sufficient cause, and may be decreed on without more; whenever it is allowed and approved and no exceptions are taken, or if taken, are disallowed, it becomes conclusive, and it is always sustained where exceptions are on questions of fact, and there is no

evidence to support them. The gravamen of the complainants' exceptions to the rulings of the court below is that there was error in overruling and disallowing his exceptions 11, 12, 13 and 15 to the auditor's report; they insist that the allowance of a credit of $2,500 in Confederate money, which became worthless in the hands of the administrator, should be reduced by his charges for commissions, and also for furnishing the family of deceased a year's support, which two items amounted in the aggregate to some fifteen hundred and eighteen dollars, and which, as insisted, had been twice allowed by the auditor, and that the sum awarded to complainants was that much short of the amount that should have been decreed them. Counsel failed to convince the judge of the superior court that such was the fact, and we are very far from being satisfied that there was error in the conclusion reached by him upon these points. It is incumbent upon the party alleging error to make it appear plainly, and in this respect, we think the failure to come up to this requirement is signal.

It has rarely been our duty to examine a clearer, fuller and more explicit account between litigants than that reported by the highly intelligent, painstaking and conscientious auditor, whose services the parties were fortunate in securing. He has brought order out of confusion, and made clear what was before doubtful and uncertain.

2. The time for filing exceptions was, by order, limited to four months after the report was filed in the court; it also provided that each party should have twenty days' notice of the exceptions filed by the other. After the exceptions, filed within the time limited by the order, had been passed upon and disallowed, and at the term of the court, when the cause was heard, and while it was on trial, the complainants offered others, but, upon objection, they were rejected by the court, and upon this ruling error is assigned. It is contended that exceptions to a master's or auditor's report are pleadings in the cause, and that the

party has the right to amend them in matter of form or substance at any stage of the proceeding; but, if pleadings at all, we think they are such only in a restricted or qualified sense—certainly not to such an extent as to be entitled to the right of amendment here claimed. The right to make exceptions arises under a special rule, which limits the time in which it may be exercised. The Code, §4203, provides that " the report shall be subject to exceptions for such time as the court may allow." Where the time for filing them is limited by order, exceptions cannot afterwards be made, except by leave of the court and upon good cause shown, and then it is in the discretion of the judge to allow or disallow them. *Cook vs. Commissioners Houston County*, 62 *Ga.*, 224, 228. No cause was shown why this amendment or addition to the exceptions should be allowed, and we cannot say that there was any abuse of discretion in rejecting it.

Judgment affirmed.